# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STAYCI ANN DEL FIERRO,<br><br>    Plaintiff,<br><br>v.<br><br>COMMISSIONER OF SOCIAL<br>SECURITY,<br><br>    Defendant. | Case No.  1:25-cv-00008-SAB<br><br>ORDER REVERSING DECISION OF THE<br>COMMISSIONER OF SOCIAL SECURITY<br>AND REMANDING FOR FURTHER<br>PROCEEDINGS<br><br>(ECF Nos. 20, 22) |

**I.**

**INTRODUCTION**

Plaintiff Stayci Ann Del Fierro ("Plaintiff") seeks judicial review of a final decision of the Commissioner of Social Security ("the Commissioner") denying her application for disability insurance benefits and supplemental security income pursuant to the Social Security Act.  The matter is currently before the Court on the parties' briefs, which were submitted without oral argument.

Plaintiff requests the decision of the Commissioner be vacated and the case be remanded for further proceedings, arguing that the decision below was not supported by substantial evidence.  Specifically, Plaintiff argues that the Administrative Law Judge ("ALJ") failed to account for a medical record from Denise D. Sniffin, Psy. D., when assessing Plaintiff's residual

1

functioning capacity.

For the reasons explained herein, the Court will reverse the decision of the Commissioner and remand to the agency for further proceedings.  42 U.S.C. 405(g).

**II.**

**BACKGROUND**

**A.      Procedural History**

On April 6, 2021, Plaintiff filed a Title II application for a period of disability and disability insurance benefits.  (ECF No. 12, Administrative Record ("AR"), 17.)  On February 17, 2021, Plaintiff also protectively filed a Title II application for disabled widow's benefits.  (Id.)  In both applications, Plaintiff alleged a disability onset date of March 20, 2020.  (Id.)  Plaintiff's applications were initially denied on September 2, 2021, and denied upon reconsideration on December 10, 2021.  (Id.)  Plaintiff requested before a hearing before an ALJ.  On February 1, 2024, Plaintiff, represented by counsel, appeared for a telephonic hearing in front of an ALJ where Plaintiff and vocation expert ("VE") James Breen testified.  (Id.)  On March 13, 2024, the ALJ issued a decision concluding that Plaintiff was not disabled.  (AR 29.)  On October 29, 2024, the Appeals Council denied Plaintiff's request for review.  (AR 1-5.)

**B.      The ALJ's Findings of Fact and Conclusions of Law**

In the decision, the ALJ found that Plaintiff had met the insured status requirements of the Social Security Act through December 31, 2025.  (AR 20.)  The ALJ observed that it had been previously found that Plaintiff was the unmarried widow of a deceased insured worker and had attained the age of 50; Plaintiff thus met the non-disability requirements for disabled widow's benefits.  (Id.)  The ALJ found that Plaintiff had not engaged in substantial gainful activity since March 20, 2020, the alleged onset date.  (Id.)  The ALJ found that Plaintiff had the following severe impairments: major depressive disorder (MDD), anxiety, and posttraumatic stress disorder (PTSD).  (Id.)  However, Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed in impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1.  (AR 22.)

After considering the entire record, the ALJ found that Plaintiff had the residual functional

capacity ("RFC") to perform a full range of work at all exertional levels but with the following nonexertional limitations: Understanding, remembering, and carrying out simple instructions. Plaintiff can tolerate occasional interaction with the public.  Plaintiff can use judgment to make simple work-related decisions.  (AR 24.)

The ALJ then found that that Plaintiff had no past relevant work, she was 49 on the alleged onset date, and she had limited education.  (AR 28.)  The ALJ discussed that transferability of job skills was not material to the determination of disability because Plaintiff did not have past relevant work.  (Id.)  Considering Plaintiff's age, education, work experience, and RFC, the ALJ found that there were jobs that existed in significant numbers in the national economy that Plaintiff could perform.  (Id.)  Accordingly, the ALJ concluded that Plaintiff had not been under disability, as defined by the Social Security Act, from March 20, 2020, through the date of the decision, March 13, 2024.  (AR 29.)

Plaintiff sought timely review of the Commissioner's decision in the federal courts.  (ECF No. 1.)  The parties consented to the jurisdiction of the United States Magistrate Judge.  (See ECF Nos. 4, 10, 11.)  Thereafter, the parties filed their briefs on the matter, which the Court considers without a hearing.  L.R. 261(f).

**III.**

**LEGAL STANDARD**

**A.    The Disability Standard**

To qualify for disability insurance benefits under the Social Security Act, a claimant must show she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A).  The Social Security Regulations set out a five-step sequential evaluation process to be used in determining whether a claimant is disabled.  20 C.F.R. § 404.1520;[1]   Batson v.

---

[1] The regulations which apply to disability insurance benefits, 20 C.F.R. §§ 404.1501 et seq., and the regulations which apply to SSI benefits, 20 C.F.R. §§ 416.901 et seq., are generally the same for both types of benefits. Accordingly, to the extent cases cited herein may reference one or both sets of regulations, the Court notes these cases and regulations are applicable to the instant matter.

Comm'r of Soc. Sec. Admin., 359 F.3d 1190, 1194 (9th Cir. 2004).  The five steps in the sequential evaluation in assessing whether the claimant is disabled are:

> Step one: Is the claimant presently engaged in substantial gainful activity?  If so, the claimant is not disabled.  If not, proceed to step two.
>
> Step two: Is the claimant's alleged impairment sufficiently severe to limit his or her ability to work?  If so, proceed to step three.  If not, the claimant is not disabled.
>
> Step three: Does the claimant's impairment, or combination of impairments, meet or equal an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1?  If so, the claimant is disabled.  If not, proceed to step four.
>
> Step four: Does the claimant possess the residual functional capacity ("RFC") to perform his or her past relevant work?  If so, the claimant is not disabled.  If not, proceed to step five.
>
> Step five: Does the claimant's RFC, when considered with the claimant's age, education, and work experience, allow him or her to adjust to other work that exists in significant numbers in the national economy?  If so, the claimant is not disabled.  If not, the claimant is disabled.

Stout v. Comm'r, Soc. Sec. Admin., 454 F.3d 1050, 1052 (9th Cir. 2006).  The burden of proof is on the claimant at steps one through four.  Ford v. Saul, 950 F.3d 1141, 1148 (9th Cir. 2020).  A claimant establishes a *prima facie* case of qualifying disability once she has carried the burden of proof from step one through step four.

Before making the step four determination, the ALJ first must determine the claimant's RFC.  20 C.F.R. § 416.920(e).  The RFC is "the most [one] can still do despite [his or her] limitations" and represents an assessment "based on all the relevant evidence."  20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1).  The RFC must consider all the claimant's impairments, including those that are not severe.  20 C.F.R. §§ 416.920(e); 416.945(a)(2); Social Security Ruling ("SSR") 96-8p, 1996 WL 374184 (July 2, 1996).[2]  "[I]t is the responsibility of the ALJ, not the claimant's physician, to determine residual functional capacity."  Vertigan v. Halter, 260 F.3d 1044, 1049 (9th Cir. 2001); 20 C.F.R. §§ 404.1545(a)(1), 404.1546(c).

At step five, the burden shifts to the Commissioner, who must then show that there are a

---

[2] SSRs are "final opinions and orders and statements of policy and interpretations" issued by the Commissioner.  20 C.F.R. § 402.35(b)(1).  While SSRs do not carry the force of law, the Court gives the rulings deference "unless they are plainly erroneous or inconsistent with the Act or regulations."  Han v. Bowen, 882 F.2d 1453, 1457 (9th Cir. 1989); see also Avenetti v. Barnhart, 456 F.3d 1122, 1124 (9th Cir. 2006).

significant number of jobs in the national economy that the claimant can perform given her RFC, age, education, and work experience. 20 C.F.R. § 416.912(g); Lounsburry v. Barnhart, 468 F.3d 1111, 1114 (9th Cir. 2006). To do this, the ALJ can use either the Medical Vocational Guidelines ("grids") or rely upon the testimony of a VE. See 20 C.F.R. § 404 Subpart P, Appendix 2; Lounsburry, 468 F.3d at 1114; Osenbrock v. Apfel, 240 F.3d 1157, 1162 (9th Cir. 2001). "Throughout the five-step evaluation, the ALJ 'is responsible for determining credibility, resolving conflicts in medical testimony, and for resolving ambiguities.'" Ford, 950 F.3d at 1149, quoting Andrews v. Shalala, 53 F.3d 1035, 1039 (9th Cir. 1995).

**B.      Standard of Review**

Congress has provided that an individual may obtain judicial review of any final decision of the Commissioner of Social Security regarding entitlement to benefits. 42 U.S.C. § 405(g). In determining whether to affirm, modify, or reverse an ALJ's decision, the Court reviews only those issues raised by the party challenging the decision. See Lewis v. Apfel, 236 F.3d 503, 517 n.13 (9th Cir. 2001). Further, the Court's review of the Commissioner's decision is a limited one; the Court may not disturb the Commissioner's final decision unless it is based on legal error or the findings of fact are not supported by substantial evidence. 42 U.S.C. § 405(g); Reddick v. Chater, 157 F.3d 715, 720 (9th Cir. 1998). "[T]he threshold for such evidentiary sufficiency is not high." Biestek v. Berryhill, 587 U.S. 97, 103 (2019). Rather, "[s]ubstantial evidence is more than a mere scintilla, and means only such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Stiffler v. O'Malley, 102 F.4th 1102, 1106 (9th Cir. 2024), quoting Ford, 950 F.3d at 1154. In other words, "[s]ubstantial evidence is relevant evidence which, considering the record as a whole, a reasonable person might accept as adequate to support a conclusion." Thomas v. Barnhart, 278 F.3d 947, 954 (9th Cir. 2002), quoting Flaten v. Sec'y of Health & Human Servs., 44 F.3d 1453, 1457 (9th Cir. 1995).

Should the ALJ err, the Court will not reverse where the error was harmless. Stout, 454 F.3d at 1055-56. "An error is harmless only if it is 'inconsequential to the ultimate nondisability determination.'" Leach v. Kijakazi, 70 F.4th 1251, 1255 (9th Cir. 2023), quoting Lambert v. Saul, 980 F.3d 1266, 1278 (9th Cir. 2020). The burden of showing that an error is not harmless

"normally falls upon the party attacking the agency's determination." Molina v. Astrue, 674 F.3d 1104, 1111 (9th Cir. 2012), quoting Shinseki v. Sanders, 556 U.S. 396, 409 (2009).

Finally, "a reviewing court must consider the entire record as a whole and may not affirm simply by isolating a specific quantum of supporting evidence." Hill v. Astrue, 698 F.3d 1153, 1159 (9th Cir. 2012), quoting Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006). Nor may the Court affirm the ALJ on a ground upon which he or she did not rely; rather, the Court may review only the reasons stated by the ALJ in his decision. Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007); see also Connett v. Barnhart, 340 F.3d 871, 874 (9th Cir. 2003). It is not this Court's function to second guess the ALJ's conclusions and substitute the Court's judgment for the ALJ's; rather, if the evidence "is susceptible to more than one rational interpretation, it is the ALJ's conclusion that must be upheld." Ford, 950 F.3d at 1154, quoting Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005).

## IV.

## DISCUSSION AND ANALYSIS

In this uncommon case, Plaintiff observes that the ALJ did not discuss a January 11, 2024 assessment approved by Plaintiff's treating psychologist Denise D. Sniffen, Psy. D. (ECF No. 20, p. 5.) Plaintiff notes that this record was part of her pre-hearing brief dated January 26, 2024, and the record was discussed at the administrative hearing. (Id. at p. 6, citing AR 60.) Essentially, Plaintiff argues that the ALJ erred in not discussing this medical opinion, which if viewed in a by itself would almost certainly affect the disability determination. (Id.) Plaintiff then discusses the medical evidence that would support the opinions in the January 11, 2024 assessment.

In opposition, the Commissioner argues that because Plaintiff delayed in getting this assessment into the administrative record, the Court should view this case through the lens of Sentence Six of 42 U.S.C. § 405(g), which covers remand to consider evidence that was not incorporated into the administrative record in the prior proceeding, including review at the Appeals Council. (ECF No. 22, p. 3.) However, such evidence must be new and material to the issue of disability. If the Court were to disagree on this point, the Commissioner argues that even under a Sentence Four review—the usual review the Court engages in—remand would not be necessary

because the Court must view the new evidence in light of the record as a whole.  (Id. at p. 4.)

As explained further below, the Court finds reversal and remand is necessary for the Commissioner to consider the January 11, 2024 assessment in the first instance.  To begin with, as Plaintiff observes in her reply, the Commissioner is mistaken that the Appeals Council did not at least "review" the assessment.  (ECF No. 23, citing ECF No. 14.)  Yet, in the usual course, the Appeals Council clearly considers and rejects new evidence—and may do so without a rationale.  Here, the supplemental certification for this assessment states only that this record was "reviewed," leaving the Court in the undesirable position of making an assumption of what the Appeals Council did.  Second, even assuming that the Appeals Council considered and rejected the January 11, 2024 assessment, viewing the record as a whole, the assessment by its own terms creates a reasonable possibility the outcome of the disability determination would be altered.

When an ALJ calculates a claimant's RFC, the ALJ is tasked with determining "the individual's *maximum* remaining ability to do sustained work activities in an ordinary work setting on a **regular and continuing** basis, and the RFC assessment must include a discussion of the individual's abilities on that basis."  SSR 96-8p, 1996 WL 374184, at *2 (emphasis in original).  In other words, the "RFC does not represent the least an individual can do despite his or her limitations or restrictions, but the *most*."  Id. (emphasis in original).  An ALJ assesses an RFC "based on all of the relevant medical and other evidence."  20 C.F.R. § 404.1545(a)(3).  This includes "any statements . . . provided by medical sources, whether or not they are based on formal medical examinations," as well as reviewing any "consultative examination(s)" and, where applicable, prior administrative medical findings ("PAMFs").  Id.

Under the Social Security Administration's 2017 revised regulations, "there is not an inherent persuasiveness to evidence from [government consultants] over [a claimant's] own medical source(s), and vice versa."  Woods v. Kijakazi, 32 F.4th 785, 791 (9th Cir. 2022), quoting Revisions to Rules Regarding the Evaluation of Medical Evidence, 82 Fed. Reg. 5844, 5844, 2017 WL 168819 (F.R. Jan. 18, 2017).  "The most important factors" that the agency considers when evaluating the persuasiveness of medical opinions are "supportability" and "consistency."  Id., quoting 20 C.F.R. § 404.1520c(a).  Supportability means the extent to which a medical source

supports the medical opinion by explaining the "relevant . . . objective medical evidence."  20 C.F.R. § 404.1520c(c)(1); 20 C.F.R. § 416.920c(c)(1).  Consistency means the extent to which a medical opinion is "consistent . . . with the evidence from other medical sources and nonmedical sources in the claim."  20 C.F.R. § 404.1520c(c)(2); 20 C.F.R. § 416.920c(c)(2).  With that said, it remains for "the ALJ to determine credibility, resolve conflicts in the testimony, and resolve ambiguities in the record."  Lambert v. Saul, 980 F.3d 1266, 1277 (9th Cir. 2020), quoting Treichler, 775 F.3d at 1098.

"The revised regulations recognize that a medical source's relationship with the claimant is still relevant when assessing the persuasiveness of the source's opinion."  Woods, 32 F.4th at 792, citing 20 C.F.R. § 404.1520c(c)(3).  Therefore, "an ALJ can still consider the length and purpose of the treatment relationship, the frequency of examinations, the kinds and extent of examinations that the medical source has performed or ordered from specialists, and whether the medical source has examined the claimant or merely reviewed the claimant's records."  Id., citing 20 C.F.R. § 404.1520c(c)(3)(i)-(v).  That said, "the ALJ no longer needs to make specific findings regarding these relationship factors."  Id.

"The Commissioner's regulations permit claimants to submit new and material evidence to the Appeals Council and require the Council to consider that evidence in determining whether to review the ALJ's decision, so long as the evidence relates to the period on or before the ALJ's decision."  See Brewes v. Commissioner of Social Sec. Admin., 682 F.3d 1157, 1162 (9th Cir. 2012), citing 20 C.F.R. § 404.970(b).  Claimants need not show "good cause" before submitting new evidence to the Appeals Council.  "The Council will grant the request for review 'if it finds that the administrative law judge's action, findings, or conclusion is contrary to the weight of the evidence currently of record.'"  Id., citing 20 C.F.R. § 404.970(b).  "Because the regulations require the Appeals Council to review the new evidence, this new evidence must be treated as part of the administrative record."  Id., quoting Perez v. Chater, 77 F.3d 41, 45 (2d Cir.1996).

"The Commissioner's decision is not final until the Appeals Council denies review or, if it accepts a case for review, issues its own findings on the merits."  Id., citing 20 C.F.R. §§ 404.955, 404.981.  Therefore, "the final decision of the Commissioner includes the Appeals Council's

denial of review, and the additional evidence considered by that body is 'evidence upon which the findings and decision complained of are based.'" Id., quoting 42 U.S.C. § 405(g).

The Court begins by outlining the relevant records on this issue. The Commissioner filed a supplemental certification after lodging the administrative record. (ECF No. 14.) That certification states that the Commissioner, through his representative, "hereby certifies that the document annexed hereto is a true and accurate copy of documents that were reviewed by the Appeals Council, but were omitted in the administrative record in the case of [Plaintiff], certified on February 12, 2025." (Id.)

In turn, the annexed record is a January 11, 2024 "Mental Residual Functional Capacity Questionnaire" completed by Jasamine Swalef, MA, APCC, and signed off by her supervisor Denise D. Sniffin, Psy. D. (Id.) As relevant here, in evaluating Plaintiff's mental abilities, it was indicated that the following issues would preclude performance of 15% or more of an 8-hour workday: understanding and remembering detailed instructions; carry out detailed instructions; maintain attention and concentration for extended periods of time; and complete a normal workday and workweek without interruptions from psychologically based symptoms and perform at a consistent pace without an unreasonable number and length of rest periods. (Id.) It was opined that Plaintiff would be absent from work 5 or more days as a result of her physical and/or mental impairments and/or the need for ongoing treatment. (Id.)

Recall that the ALJ assessed Plaintiff's RFC as that she could perform a full range of work at all exertional levels but with the following nonexertional limitations: Understanding, remembering, and carrying out simple instructions. Plaintiff can tolerate occasional interaction with the public. Plaintiff can use judgment to make simple work-related decisions. (AR 24.)

During the hearing, the ALJ and Plaintiff's attorney gave the VE the following hypotheticals:

> ALJ: Assume a hypothetical individual of the Claimant's age, education, and no past work. Further assume an individual with the following non-exertional limitations. The individual is capable of understanding, remembering, and carrying out simple instructions. Can tolerate occasional interaction with the public. And further can use judgment to make simple work-related decisions. Could such an individual perform any work in the

national economy?

VE: . . . these will be unskilled occupations.  They'll all have an SVP: 2, at the medium level.  [Listing jobs].

\* \* \*

ALJ: . . . assume a hypothetical individual just like the first, but in addition to this individual would be expected to miss deadlines or otherwise be off task 15 percent of the workday.  Could that individual perform any work in the national economy?

VE: . . . Based on my experience, Judge, there would be no full-time competitive employment.

\* \* \*

ATTORNEY: . . . so if we took the first hypothetical and we added that the individual would require additional supervision in the form of reminders or redirection and that this would occur on an occasional basis throughout the workweek. Maybe not every day but on the days, we'll say at least one day out of the week there would be up to a third of that day where the person would need reminders and redirection.  Any work?

VE: Based on my experience, Counsel, there would not be any full-time competitive employment.

ATTORNEY: [Taking the first hypothetical and adding that she] Would either have to be absent from work or leave home early from work at least three days in an average month.  Would there be any work?

VE: Based on my experience, Counsel, there would be no full-time competitive employment.

(AR 57-59.)

While the ALJ discussed that Plaintiff was treated at the Cerda Sniffin Psychology Group, the ALJ did not make any determination regarding the persuasiveness of any opinions by Dr. Sniffin (or discuss Jasamine Swalef).  (AR 26-28.)

Having digested the relevant records, the Court preliminarily finds that the Commissioner's argument that Plaintiff filed the January 11, 2024 assessment late to the Appeals Council to be patently without merit.  (See ECF No. 14.)  Therefore, a review under Sentence Six is not appropriate.  Furthermore, the Court has serious concerns whether the Appeals Council considered and rejected the January 11, 2024 assessment based on the language of the supplemental

certification. (ECF No. 14.) Unfortunately, the Appeals Council letter of denial is also unhelpful on that front. (AR 1-5.)

In any event, the record in question clearly is material to the question of disability in this case.[3] Both the ALJ and Plaintiff's attorney inquired of the VE regarding issues of missing deadlines or being off task 15% of a workday, requiring extra supervision and/or redirection, and attendance—all of which would lead to the conclusion that there would be no full-time competitive employment. The January 11, 2024 assessment touched on all these issues, and if it were to be credited as true, then a finding of disability would be required. Thus, this opinion creates a reasonable possibility of a different disability outcome.[4] Moreover, there was no credibility determination made by the ALJ regarding Dr. Sniffin; thus, reviewing this record in the broader scheme of the medical record would require the Court to engage in a credibility analysis, which is generally within the province of the ALJ.

The Commissioner seemingly does not disagree, noting that Dr. Sniffin's opinion is inconsistent with portions of the medical record. (ECF No. 22, pp. 4-5.) Yet, inconsistency on its own, to the Court, is not the same thing as materiality and reasonable possibility. In determining whether the assessment was material to the disability determination, the Court looked at whether there was a reasonable possibility that the assessment would upset the disability determination. Having found as such, the issues of the persuasiveness of Dr. Sniffin's opinion and the weight of the evidence generally are more appropriately left to the ALJ.

Indeed, under a separate line of cases, the Ninth Circuit has observed that "[t]he ALJ has a general duty to resolve inconsistencies in the evidence . . . ." Wischmann v. Kijakazi, 68 F.4th 498, 504 (9th Cir. 2023) (discussing whether ALJ has a duty to resolve inconsistences between VE's job-number estimates and a claimant's job-number estimates), citing 20 C.F.R. §§ 404.1520b(b), 416.920b(b). Under this lens, the Ninth Circuit held that an ALJ's duty to resolve inconsistences arises "only where the purportedly inconsistent evidence is both significant and

---

[3] The Court addresses whether to reverse and remand under both Sentence Six and Sentence Four standards—at times, the two analyses overlap.

[4] Despite the Commissioner's apparent suggestion, a *reasonable* possibility does not mean that the Court must find that the disability outcome will *absolutely* change.

probative." Id. at 505. Because the January 11, 2024 assessment was from Plaintiff's treating psychologist—and for substantially the same reasons the Court finds the assessment material to the determination of disability—the Court finds that this assessment is significant and probative. Therefore, it is the ALJ's duty to resolve any inconsistences between the January 11, 2024 assessment and the medical record—not the Court.

In coming to this conclusion, the Court takes no position on the weight of January 11, 2024 assessment or the persuasiveness of Dr. Sniffin's opinion. Rather, the Court's function is simply to review whether the final determination of the Commissioner is supported by substantial evidence. Because the Court is unable to do so based on the record before it, the Court will reverse and remand in order for the Commissioner to assess this record in the first instance.

## V.

## CONCLUSION AND ORDER

For the foregoing reasons, IT IS HEREBY ORDERED that the decision of the Commissioner of Social Security is REVERSED and that this matter shall be REMANDED to the Social Security Agency for further proceedings. 42 U.S.C. 405(g). It is FURTHER ORDERED that judgment be entered in favor of Plaintiff Stayci Ann Del Fierro and against Defendant Commissioner of Social Security. The Clerk of the Court is directed to CLOSE this action.

IT IS SO ORDERED.

Dated:   **February 18, 2026**

STANLEY A. BOONE
United States Magistrate Judge

12